UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SEAN MCKENDRICK,<br><br>        Petitioner,<br>v.<br>WARDEN GITTERE, *et al.*,<br><br>        Respondents. | Case No. 3:22-cv-00165-LRH-CSD<br><br>**ORDER** |

   Petitioner Sean McKendrick, a *pro se* Nevada prisoner, commenced this habeas action by filing a Petition for Writ of Habeas Corpus (ECF No. 1-1). This habeas matter is before the Court for initial review under the Rules Governing Section 2254 Cases,[1] as well as consideration of Petitioner's Motions for Appointment of Counsel (ECF Nos. 1-2, 6). For the reasons discussed below, the Court grants McKendrick's Motion for Appointment of Counsel.

   Pursuant to Habeas Rule 4, the assigned judge must examine the habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. *Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases).

   McKendrick challenges a 2019 judgment of conviction and sentence imposed by the Eighth Judicial District Court for Clark County ("state district court"). *State of Nevada v. McKendrick*, C-19-338224-1.[2] On September 4, 2019, the state court entered the amended judgment of conviction

---

[1] All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the Rules Governing Section 2254 Cases in the United States District Courts.

[2] The Court takes judicial notice of the online docket records of the Eighth Judicial District Court and Nevada appellate courts. The docket records may be accessed by the public online at: https://www.clarkcountycourts.us/Anonymous/default.aspx and at: http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

and sentenced McKendrick to life with the possibility of parole after 10 years. McKendrick appealed and the Nevada Court of Appeals affirmed the judgment of conviction.

On October 29, 2020, McKendrick filed a state habeas petition seeking post-conviction relief. The state district court denied McKendrick's habeas petition. On February 23, 2022, the Nevada Court of Appeals affirmed the denial of the state habeas petition. McKendrick initiated his federal habeas action on April 8, 2022. (ECF No. 1-1.) The Court instructed McKendrick to pay the filing fee or file a complete IFP application. (ECF No. 4.) McKendrick timely complied and a receipt of payment of the filing fee was recorded on May 16, 2022. (ECF No. 5.)

Fleming seeks the appointment of counsel to assist him in this habeas action. There is no constitutional right to appointed counsel in a federal habeas corpus proceeding. *Luna v. Kernan*, 784 F.3d 640, 642 (9th Cir. 2015) (citing *Lawrence v. Florida*, 549 U.S. 327, 336–37 (2007)). An indigent petitioner may request appointed counsel to pursue that relief. 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is generally discretionary. *Id.* (authorizing appointed counsel "when the interests of justice so require"). *Id.* § 3006A(a)(2). However, counsel must be appointed if the complexities of the case are such that a denial of counsel would amount to a denial of due process, and where the petitioner is so uneducated that he is incapable of fairly presenting his claims. *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Brown v. United States*, 623 F.2d 54, 61 (9th Cir. 1980).

Here, the Court finds that the appointment of counsel is in the interests of justice. McKendrick is sentenced to life with the possibility of parole after 10 years and it is unclear whether he will be able to adequately articulate his claims in proper person with the resources available to him. Therefore, McKendrick's motion for appointment of counsel is granted.

**IT IS THEREFORE ORDERED:**

1. Petitioner Sean McKendrick's Motion for Appointment of Counsel (ECF No. 6) is GRANTED.
2. The Federal Public Defender is provisionally appointed as counsel and will have 30 days to undertake direct representation of McKendrick or to indicate the office's inability to represent McKendrick in these proceedings. If the Federal Public Defender

is unable to represent McKendrick, the Court will appoint alternate counsel. The counsel appointed will represent McKendrick in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw. A deadline for the filing of an amended petition and/or seeking other relief will be set after counsel has entered an appearance. The Court anticipates a deadline of approximately 90 days from entry of the formal order of appointment.

3. Any deadline established and/or any extension thereof will not signify any implied finding of a basis for tolling during the time period established. McKendrick at all times remains responsible for calculating the running of the federal limitation period and timely presenting claims. That is, by setting a deadline to amend the petition and/or by granting any extension thereof, the Court makes no finding or representation that the petition, any amendments thereto, and/or any claims contained therein are not subject to dismissal as untimely. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

4. The Clerk of Court is instructed to add Nevada Attorney General Aaron D. Ford as counsel for Respondents and to provide Respondents an electronic copy of all items previously filed in this case by regenerating the Notice of Electronic Filing to the office of the AG only. Respondents' counsel must enter a notice of appearance within 21 days of entry of this order, but no further response will be required from Respondents until further order of the Court.

5. The Clerk of Court will send a copy of this order to the pro se petitioner, the Nevada Attorney General, the Federal Public Defender, and the CJA Coordinator for this division.

DATED this 14th day of June 2022.

LARRY R. HICKS
UNITED STATES DISTRICT JUDGE