UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SEAN MCKENDRICK,<br><br>      Petitioner,<br>v.<br>WILLIAM REUBART, *et al.*,<br><br>      Respondents. | Case No. 3:22-cv-00165-LRH-CSD<br><br>**ORDER** |

  This habeas matter is before the Court on Petitioner Sean McKendrick's Motion to Seal (ECF No. 19) and Motion to Stay Case (ECF No. 20). Also before the Court is Respondents' Motion to Extend Time (ECF No. 24). For the reasons discussed below, Petitioner's Motion to Seal and Motion to Stay Case are granted. Respondents' Motion to Extend Time (ECF No. 24) is denied as moot.

**I. Background**

  Petitioner challenges a 2019 judgment of conviction and sentence imposed by the Eighth Judicial District Court for Clark County ("state district court"). The state court sentenced Petitioner to life with the possibility of parole after 10 years under the large habitual statute. Petitioner appealed and the Nevada Court of Appeals affirmed the judgment of conviction.

  On October 29, 2020, Petitioner filed a state habeas petition seeking post-conviction relief and requested appointment of counsel. The state district court denied Petitioner's motion for appointment of counsel as well as his habeas petition. On February 23, 2022, the Nevada Court of Appeals affirmed the denial of the state habeas petition. Petitioner initiated his federal habeas action *pro se* on April 8, 2022. (ECF No. 1-1.) Following appointment of counsel, Petitioner filed his first amended petition. (ECF No. 16.)

**II. Discussion**

  **a. Motion to Seal**

  Petitioner seeks leave to seal medical records from the Nevada Department of Corrections,

1  Exhibit 12 (ECF No. 18). The need to protect medical privacy qualifies as a "compelling reason"
2  for sealing records. *E.g., Abbey v. Hawaii Employers Mut. Ins. Co. (HEMIC)*, 760 F. Supp. 2d
3  1005, 1013 (D. Haw. 2010). Here, Exhibit 12 contains Petitioner's sensitive health information,
4  including his medical kites, lab tests, prescription medications, physician's orders, and progress
5  notes. Having reviewed and considered the matter in accordance with *Kamakana v. City and*
6  *County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006), and its progeny, the Court finds that a
7  compelling need to protect Petitioner's medical privacy outweighs the public interest in open
8  access to court records. Accordingly, Petitioner's motion (ECF No. 19) is granted, and Exhibit 12
9  (ECF No. 18) is considered properly filed under seal.

10  **b. Motion to Stay Case**

11  Petitioner seeks a stay and abeyance to exhaust Grounds 1(A) and 1(C). (ECF No. 20.)
12  Federal courts may not grant a writ of habeas corpus brought by a person in custody pursuant to a
13  state court judgment unless "the applicant has exhausted the remedies available in the courts of
14  the State." 28 U.S.C. § 2254(b)(1)(A). This exhaustion requirement is "grounded in principles of
15  comity" as it gives states "the first opportunity to address and correct alleged violations of state
16  prisoner's federal rights." *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). In general, a federal
17  district court must dismiss an unexhausted petition without prejudice. *Coleman*, 501 U.S. at 731
18  (noting that the Supreme Court "has long held that a state prisoner's federal habeas petition should
19  be dismissed if the prisoner has not exhausted available state remedies as to any of his federal
20  claims"); *Castille v. Peoples*, 489 U.S. 346, 349 (1989) (habeas petitions should be dismissed if
21  state remedies have not been exhausted as to any federal claims).

22  A district court is authorized to stay an unexhausted petition in "limited circumstances," to
23  allow a petitioner to present unexhausted claims to the state court without losing his right to federal
24  habeas review due to the relevant one-year statute of limitations. *Rhines v. Weber*, 544 U.S.
25  269, 273–75 (2005); *Mena v. Long*, 813 F.3d 907, 912 (9th Cir. 2016) (holding that district courts
26  have authority to stay and hold in abeyance both mixed petitions and "fully unexhausted petitions
27  under the circumstances set forth in *Rhines*"). Under the *Rhines* test, "a district court must stay a
28  mixed petition only if: (1) the petitioner has 'good cause' for his failure to exhaust his claims in

state court; (2) the unexhausted claims are potentially meritorious; and (3) there is no indication that the petitioner intentionally engaged in dilatory litigation tactics." *Wooten v. Kirkland*, 540 F.3d 1019, 1023 (9th Cir. 2008) (citing *Rhines*, 544 U.S. at 278).

The Ninth Circuit has acknowledged that the *Rhines* "good cause" standard does not require "extraordinary circumstances." *Wooten*, 540 F.3d at 1024 (citing *Jackson v. Roe*, 425 F.3d 654, 661–62 (9th Cir. 2005)). But courts "must interpret whether a petitioner has 'good cause' for a failure to exhaust in light of the Supreme Court's instruction in *Rhines* that the district court should only stay mixed petitions in 'limited circumstances'." *Wooten*, 540 F.3d at 1024 (citing *Jackson*, 425 F.3d at 661). Courts must also "be mindful that AEDPA aims to encourage the finality of sentences and to encourage petitioners to exhaust their claims in state court before filing in federal court." *Wooten*, 540 F.3d at 1024 (citing *Rhines*, 544 U.S. at 276–77).

A statement that a habeas petitioner was *pro se* during his state post-conviction proceedings is sufficient to constitute good cause for failing to exhaust claims. *Dixon v. Baker*, 847 F.3d 714, 721 (9th Cir. 2017) (citing *Martinez v. Ryan*, 566 U.S. 1, 17 (2012)). "A petitioner who is without counsel in state postconviction proceedings cannot be expected to understand the technical requirements of exhaustion and should not be denied the opportunity to exhaust a potentially meritorious claim simply because he lacked counsel." *Dixon*, 847 F.3d at 721.

Petitioner has shown good cause for his failure to exhaust his claims in state court. Petitioner citing *Martinez* argues that good cause exists because he was not represented by post-conviction counsel. (ECF No. 20 at 4.) He further asserts that although he raised Ground 1(A) in his *pro se* petition, he lacked any resources to investigate the claim. (*Id*.) The Court finds that Petitioner has established good cause exists for his failure to exhaust in state court. The Court further finds that the unexhausted grounds are not "plainly meritless," and that Petitioner has not engaged in intentionally dilatory litigation tactics. Accordingly, the Court will grant Petitioner's motion for stay and abeyance to exhaust Grounds 1(A) and 1(C) in state court.

**IT IS THEREFORE ORDERED** that Petitioner's Motion to Seal (ECF No. 19) is GRANTED.

IT IS FURTHER ORDERED that Petitioner's Motion to Stay Case (ECF No. 20) is

GRANTED.

IT IS FURTHER ORDERED that Respondents' Motion to Extend Time (ECF No. 24) is DENIED as moot.

IT IS FURTHER ORDERED that this action is STAYED pending exhaustion of Grounds 1(A) and 1(C) in the first amended petition for writ of habeas corpus.

IT IS FURTHER ORDERED that the grant of a stay is conditioned upon Petitioner filing, if same is not already pending, a state post-conviction petition or other appropriate proceeding in state district court within forty-five (45) days of entry of this order and returning to federal court with a motion to reopen within forty-five (45) days of issuance of the remittitur by the Supreme Court of Nevada at the conclusion of all state court proceedings.[1]

IT IS FURTHER ORDERED that, with any motion to reopen filed following completion of all state court proceedings pursued, Petitioner: (a) shall attach supplemental exhibits containing the new state court pleadings and the state court written decisions thereon; and (b) if Petitioner intends to amend the federal petition, shall file a motion for leave to amend along with the proposed verified amended petition or a motion for extension of time to move for leave.

IT IS FURTHER ORDERED that the Clerk of Court shall ADMINISTRATIVELY CLOSE this action until such time as the Court grants a motion to reopen the matter.

IT IS FURTHER ORDERED that the Court will reset the briefing schedule upon reopening the case and lifting the stay. No claims are dismissed by this order, and a reopened action will proceed under the same docket number.

DATED this 30th day of May, 2023.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

---

[1] If *certiorari* review will be sought or thereafter is being sought, either party may move to extend the stay for the duration of such proceedings. *Cf. Lawrence v. Florida*, 549 U.S. 327, 335 (2007).